UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILOOFAR VAGHAR, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION; BARRY MEIZEL; RUDY GARCIA; and DOES 1 to 25, inclusive, <br><br> Defendants. | Case No. 5:19-cv-02147 AB (AFMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

On April 19, 2019, Plaintiff Niloofar Vaghar ("Plaintiff") filed a Motion to Remand. (Dkt. No. 10.) Defendant Costco Wholesale Corporation et al. ("Costco") opposed the motion and Plaintiff filed a reply. (Dkt. Nos. 16, 17.) The Court took the matter under submission on May 16, 2019. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## I. BACKGROUND

### A. The Parties

Plaintiff is a resident of California. Complaint ("Compl.") ¶ 1 (Dkt. No. 10-2). Plaintiff began her employment in November 2011 as a pharmacist at various Costco locations in California. *Id.* ¶ 11. During Plaintiff's employment with Costco, she was

managed by Regional Pharmacy Supervisor, Barry Meizel ("Meizel"). *Id.* At all relevant times, Meizel was employed by Costco Wholesale Corporation in Ventura County. *Id.* ¶ 3. Defendant Rudy Garcia, at all relevant times, was employed by Costco Wholesale Corporation in Ventura County and served as Plaintiff's store manager. *Id.* ¶¶ 4, 14.

Defendant Costco Wholesale Corporation is a Washington corporation with its principal place of business in Washington. (Notice of Removal, ¶¶ 24-26 (Dkt. No. 1)).

**B. Plaintiff's Allegations**

Plaintiff's Complaint raises four state law claims against Costco: (1) discrimination based on gender, national origin/ancestry, religion, and/or age under FEHA; (2) retaliation under FEHA; (3) failure to prevent discrimination, harassment, and retaliation; and (4) wrongful termination. Plaintiff also alleges a state law claim, under FEHA, for harassment on the bases of gender, national origin or ancestry, religion, and age against Meizel and Garcia.

Plaintiff alleges Defendants Meizel and Garcia "engaged in a discriminatory and harassing course of conduct against plaintiff, at least in part, on the basis of plaintiff's gender, national origin/ancestry, religion and/or age" during her time at Costco. Compl. ¶ 40. Plaintiff alleges examples of harassment including: giving Plaintiff unfair and untrue performance evaluations, giving Plaintiff unwarranted discipline and threats of discipline in a demonstrably unfair manner, especially when compared to her male co-workers, giving plaintiff conflicting directions and punishing her when she could not follow both sets of directions, demoting Plaintiff and promoting an underqualified male counterpart, and speaking to Plaintiff in a demeaning and condescending manner. *Id.* ¶ 11.

**C. Removal to This Court**

On March 21, 2019, Costco removed the case to this Court from the Superior Court of California Ventura County. (*See* Notice of Removal (Dkt. No. 1)).

According to Costco, the Court has subject matter jurisdiction over this case because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship amongst the parties. *Id.* Costco does not challenge Meizel and Garcia are California citizens, instead, it alleges that Defendants Meizel and Garcia are "sham" defendants whose citizenship should be disregarded when evaluating diversity. *Id.* ¶¶ 27-40.

## II. LEGAL STANDARD

### A. Removal

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(b) ("Section 1441"), a civil action may be removed to the district court where the action is pending if there is diversity jurisdiction. A federal district court has diversity jurisdiction over a dispute between "citizens of different States" that places more than $75,000 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a). Section 1332(a)(1) requires complete diversity such that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### B. Diversity Jurisdiction–Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Fraudulent joinder" occurs, for the purpose of determining diversity jurisdiction, where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to settled rules of state. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state

court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quotations omitted).

The defendant has a high burden of proof when establishing fraudulent joinder. A removing defendant may present evidence to prove fraudulent joinder, but the district court must resolve all disputed questions of fact in the plaintiff's favor. *See Grancare*, 889 F.3d at 549. Thus, a defense should not require "a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [a] purported deficiency" in its allegations against the non-diverse defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quotations omitted). Ultimately, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III. DISCUSSION

#### A. The Court Does Not Have Subject Matter Jurisdiction

Costco asserts that there is complete diversity of citizenship because Meizel and Garcia are "sham" defendants that should be ignored for purposes of determining diversity jurisdiction. Defendants do not dispute that Meizel and Garcia are California citizens; further, Costco is a citizen of Washington. Thus, absent Plaintiff's claims against Meizel and Garcia, diversity jurisdiction exists. Subject matter jurisdiction in this case rests on the issue of whether there is complete diversity because the parties do not dispute that the amount in controversy, in this case, exceeds $75,000. The Court finds that it does not have subject matter jurisdiction to hear this case.

##### 1. Harassment Claim

For a claim to constitute harassment, a plaintiff must demonstrate that a defendant's conduct was "sufficiently severe or pervasive to 'alter the conditions of [the victim's] employment and create an abusive work environment.'" *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 609 (Cal. Ct. App. 1989) (citation

omitted).  When determining if the conduct complained of is sufficiently pervasive or severe, a court should look at the totality of the circumstances.  *Id.* at 610.  Additionally, it is established that "harassment by a high-level manager of any organization may be more injurious to the victim because of the prestige and authority that the manager enjoys."  *Roby v. McKesson Corp.*, 47 Cal.4th 686, 709 (Cal. 2009).

Plaintiff's allegations, viewed in the totality of the circumstances, support a plausible harassment claim against Meizel and Garcia.  Plaintiff alleges numerous grievances against Defendants, specifically that Defendants engaged in discriminatory behavior based on Plaintiff's gender, ethnicity, religion, and age.  In addition, Plaintiff alleges that Defendants unfairly provided false performance evaluations, disciplined her without proper grounds, and threatened to discipline her unfairly when compared to her male co-workers.  Finally, Plaintiff alleges she was unfairly kept from promotion without merit.

Costco argues that Meizel and Garcia were fraudulently joined because managerial privilege precludes their personal liability with respect to their personnel decisions.  *See* Costco Opposition at 7.  Costco attempts to assert that each of Plaintiff's claims are "based solely on personnel decisions."  *Id.*  However, as addressed above, Plaintiff's harassment claim is based on discrimination, threats of disciplinary action, and unwarranted disciplinary action.  Plaintiff was micromanaged and disciplined in ways she perceived to be different from her male counterparts, creating a belief that Plaintiff's age, ethnicity, religion and gender were the motivating factors for her supervisors' severe treatment of her.  "[A]cts of discrimination can provide evidentiary support for a harassment claim by establishing discriminatory animus on the part of the manager responsible for the discrimination, thereby permitting the inference that rude comments or behavior by that same manager was similarly motivated by discriminatory animus."  *Roby*, 27 Cal.4th at 709.  Plaintiff has provided allegations to support her harassment claim.

Costco asserts that Plaintiff has not plead facts to support the pervasiveness of

the harassment. "With respect to the pervasiveness of harassment, courts have held an . . . employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (2006). Plaintiff cites numerous incidents over the span of her years-long employment with Costco that may support her claims against Defendants. Ultimately, Plaintiff's allegations establish a pattern of harassing conduct.

Plaintiff's allegations are to be viewed in the totality of circumstances. The Court does not take the position that, as a matter of law, Plaintiff's claim against Meizel and Garcia must fail. Further, Costco has failed to meet its burden to establish that Plaintiff could not cure whatever potential defects exist in her pleadings at this stage. *See Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1169-70 (C.D. Cal. 2009). In light of this failure, the Court sees no reason why Plaintiff would not have leave to amend her Complaint to more robustly allege her harassment claim against Meizel and Garcia. In the absence of clear and convincing evidence that Plaintiff could not allege claims against Meizel and Garcia, the Court must remand the case to state court.

**B. Attorneys' Fees Are Not Proper**

While the Court disagrees with Costco's position and remands the action back to the state tribunal, attorney's fees under § 1447(c) may only be granted "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Costco brought its claim for perceived deficiencies in Plaintiff's Complaint regarding her harassment claims against Meizel and Garcia. The law does not cut in Defendants' favor here, but their attempt at removal was not so unreasonable as to warrant an award of attorney's fees.

//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand. The matter is remanded to Superior Court of California Ventura County.

**IT IS SO ORDERED.**

Dated: May 21, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE